THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State,       
 Respondent,
 
 
 

v.

 
 
 
Bernard Murphy,       
Appellant.
 
 
 

Appeal From Richland County
 L. Henry McKellar, Circuit Court Judge

Unpublished Opinion No. 2003-UP-739
Submitted October 15, 2003  Filed December 
 17, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, 
 for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, and Assistant Deputy Attorney General Charles W. Richardson, 
 all of Columbia; and Solicitor Warren B. Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Bernard Murphy appeals his 
 conviction and sentence for first-degree burglary and petit larceny, arguing 
 the trial court erred in admitting the witnesss identification. 
 We affirm [1] pursuant to Rule 220(b)(2), SCACR and the following 
 authorities:  State v. Moore, 343 S.C. 282, 540 S.E.2d 445 (2000) (Generally, 
 the decision to admit an eyewitness identification is in the trial judges discretion 
 and will not be disturbed on appeal absent an abuse of discretion, or the commission 
 of prejudicial legal error.); see also State v. Mansfield, 343 
 S.C. 66, 538 S.E.2d 257 (Ct. App. 2000) (The admissibility of evidence is within 
 the sound discretion of the trial judge and evidentiary rulings of the trial 
 court will not be reversed on appeal absent an abuse of discretion or commission 
 of legal error which results in prejudice to the defendant.); Neil v. Biggers, 
 409 U.S. 188 (1972) (There is a two-prong test to determine the admissibility 
 of an out-of-court identification.); Moore, 343 S.C. at 287, 540 S.E.2d 
 at 447 (2000) (First, a court must ascertain whether the identification process 
 was unduly suggestive.  The court must next decide whether the out-of-court 
 statement was nevertheless so reliable that no substantial likelihood of misidentification 
 was possible.); State v. Blassingame, 338 S.C. 240, 525 S.E.2d 535 (Ct. 
 App. 1999) (Single person show-ups are disfavored because they are suggestive 
 by their nature.); Id. at 251, 525 S.E.2d at 541 (However, an identification 
 may be reliable under the totality of the circumstances even when a suggestive 
 procedure has been used.); State v. Patterson, 337 S.C. 215, 522 S.E.2d 
 845 (Ct. App. 1999) (Suggestiveness alone does not mandate the exclusion of 
 evidence.); Blassingame, 338 S.C. at 251, 525 S.E.2d at 541 (Reliability 
 is the linchpin in determining the admissibility of identification testimony.).  
 See Mansfield 343 S.C. at 78-79, 538 S.E.2d at 263 (To determine 
 whether an identification is reliable, it is necessary to consider the following 
 factors: (1) the opportunity of the witness to view the criminal at the time 
 of the crime; (2) the witnesss degree of attention; (3) the accuracy of the 
 witnesss prior description of the criminal; (4) the level of certainty demonstrated 
 by the witness at the confrontation; and (5) the amount of time between the 
 crime and the confrontation); Id. at 79, 538 S.E.2d at 263 (The corrupting 
 effect of a suggestive identification is to be weighed against these factors.); 
 Id. (After the trial court determines the witnesss identification is 
 reliable, the witness is permitted to testify before the jury.).  
AFFIRMED.
HUFF, STILWELL and BEATTY, JJ., concur

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.